HowEnn, J.
This is a proceeding by garnishment, under the act of 1839, in -which the garnishee excepts to the right of the judgment creditors “to compel him to disclose any matters committed to him as an attorney-at-law by his clients, or as to facts within his knowledge confided to him by his clients, or evidence of debt committed to him for collection or compromise,” and contends that because other parties than the judgment debtor are interested.in the property in his hands, it cannot be delivered to the sheriff in this proceeding to be sold.
The tenor and object of the interrogatories are to ascertain if the garnishee, who is an attorney-at-law, is indebted, or has in control, directly or indirectly, any property, rights or credits belonging to the defendant, and whether or not the same is sufficient to satisfy the judgments of plaintiffs. The law invoked by the garnishee relates to the subject of proof, and declares that “no attorney or counsellor at law shall give evidence of any thing that has been confided to him by his client, without the consent of such client;” but it cannot, in our opinion, be construed to exempt or shield the property of the client, in the hands of his attorney, from the pursuit of his creditors. As held however, in the case of Shaughnessy v. Fogg, 15 An. 330, the garnishee may be excused from answering any particular interrogatory, if he declare on oath that he cannot answer the same without disclosing matters confided to him by his client, or advice given by him to his client, concerning the business about which he-is retained. But we find nothing in the interrogatories, propounded in this case, to which this principle will apply; and besides, the garnishee has made no such oath. His exceptions were properly overruled.
How the seizure in this case is to be effected, is another and more difficult question. The statute is express in directing the property, in the hands of the garnishee, to be forthwith delivered to the sheriff. But the answers show that the property consists of notes owned jointly by the defendant and two other parties not sued, for all of whom the garnishee holds as attorney-at-law. The lower court ordered the notes to be delivered to the sheriff to sell the interest of the defendant therein, and apply the proceeds to the payment of plaintiffs’ judgments. Of this order the garnishee and the joint owners of the notes complain; and, we think, with good reason. The defendant owns only an undivided interest in the notes, and there was no authority for divesting his co-owners of the possession and control of their property. (See 4 N. S. 416.) The interest of the debtor in the notes, being incorporeal and intangible, could not be delivered. The law does not require an impossibility.
As said in the case in 4 N. S., just cited, whatever may be the right of the defendant in the notes may be a fair object of sale or execution, without disturbing the rights of the holders and other owners; and the garnishment process, in our opinion, sufficiently restrains the garnishee, and secures the rights of all parties that may be interested. We conclude, therefore, that the Court a qua erred in ordering the notes to be delivered to the sheriff, and that the rights of the defendant in them may be sold, while they are in the garnishee’s hands, who, after notice, can do no act to prejudice the seizing creditor.
There is no cause for holding the garnishee personally responsible to *190 plaintiffs, as urged in the brief. He does not evince any desire to evade answering in order to screen the defendant, but to protect the rights of those not before the court, who had employed him, and his own privileges as an attorney-at-law, as he understood them. We think, under the circumstances, the Judge did not exercise an illegal discretion in allowing a delay of twenty-four hours to draw up his answers.
It is therefore ordered that the judgment appealed from be reversed, and it is now adjudged and decreed that plaintiffs’ seizure of the rights, credits and interest of the defendant, T. W. Bird, in the notes and evidences of debt in the hands of S. P. Greves, garnishee, as set forth in his answers to interrogatories filed in this proceeding, on 6th July, 1867, be sustained, and that the sheriff be ordered to sell the said right, title and interest of the said defendant in said notes and evidences of debt, and apply the proceeds to the payment of plaintiffs’ judgments, as set forth in their pleadings to-wit: one in favor of Wm. White, administrator in suit of himself v. T. W. Bird, personally and as testamentary executor, No. 1897 of date the 20th July, 1866, and one in favor of N. W. Pope, in suit of Dr. J. A. Landry v. T. W. Bird, No. 1840, of date the 20th July, 1867; costs of the lower court to be paid by defendant, and those of appeal to be paid by plaintiffs and appellees.